UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH TOUCHESHAWKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.4:19-cv-00242-CDP |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Deborah Toucheshawks for leave to commence this civil action without prepayment of the filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's complaint without prejudice.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

Plaintiff filed a pro se complaint on February 15, 2019, naming the United States of America and the State of Missouri as defendants. (Docket No. 1). The complaint itself consists of a single paragraph on a single page, in which plaintiff:

> [R]equests the Court and the Clerk of the Court to enter the following request to end abuses by the Federal and State governments and respective agencies, to the Constitution and Bill of Rights of the United States of America. The Constitutional violations are[,] *inter alia* to our Fourth, Fifth, and…Fourteenth Amendments[,] as well as in violation of federal statutes[,] *inter*

> *alia*[,] [the] Social Security Act of 1935, [t]he Medicare/Medicaid
> Act [of] 1965 and multiple federal and state antitrust laws.

(Docket No. 1 at 1). Attached to the complaint is a "brief" that includes "history and legal arguments in support of these factual allegations." The Court notes that the complaint and brief are nearly identical to others that have been filed in various United States District Courts across the country, with the exception that plaintiff has included her own name and has inserted "Missouri" into the section requesting relief from the Court.[1]

The thirty-three-page brief contains generalized grievances about federal and state policies pertaining to opioid pain medication. The brief opens with a section captioned "History," which asserts that "[w]e the people are guaranteed certain inalienable rights which are protected by our Constitution." (Docket No. 1 at 5). Included among these rights is "the ability to make autonomous decisions regarding our health." To that end, plaintiff asserts that "recent attacks on opioid based medications makes no sense."

Several pages in this section are devoted to referencing studies on untreated pain. (Docket No. 1 at 6-8). Based on these studies, plaintiff claims that Centers for Disease Control and Prevention (CDC) guidelines regarding opioid therapy are flawed. (Docket No. 1 at 8). Nevertheless, both the federal government and state governments have implemented policies and legislative acts based on these purportedly flawed CDC guidelines. (Docket No. 1 at 9). Plaintiff alleges that the guidelines are illegal and violate the United States Constitution.

The "Legal Argument" section is made up of sixteen separate subsections. The first subsection states that pro se plaintiffs are not required to set forth a legal theory. (Docket No. 1 at 12). The second claims that "laws and policies" against "Americans and veterans" with chronic

---

[1] *See, e.g.*, *Favero v. United States*, No. 3:19-cv-00078-WQH-BGS (S.D. Cal. Jan. 11, 2019); *Wilton v. United States*, No. 5:19-cv-00133-SEL (N.D. Ohio Jan. 17, 2019); and *Minerd-Massey v. United States*, No. 1:19-cv-00106-LJV (W.D. N.Y. Jan. 18, 2019).

pain or intractable pain disease are the result of a "falsified crisis" and amount to a discriminatory "disparate impact." Further subsections allege that these policies violate the Fourth Amendment, the Fifth Amendment, and the Fourteenth Amendment. (Docket No. 1 at 13-14). Other subsections in the "Legal Argument" section touch upon the workability of an injunction against the federal and state governments, *Skidmore* deference, and the definition of genocide. (Docket No. 1 at 17-18). There are also subsections devoted to attacking the scientific basis of the CDC's guidelines, while asserting that the opioid crisis is a myth. (Docket No. 1 at 22-26).

The brief closes with four requests for the Court. (Docket No. 1 at 26-28). First, plaintiff asks "that all Americans be allowed to join this litigation against the state of Missouri and the United States of America." (Docket No. 1 at 26). Second, plaintiff seeks an order for "the DEA" to stop "persecuting licensed medical professionals." (Docket No. 1 at 27). Next, plaintiff seeks to stop pharmacy employees from "profiling" individuals "to determine who may or may not receive controlled medications." Finally, plaintiff asserts that the Administrative Procedure Act gives the Court oversight over government agencies and thus the Court has jurisdiction over the allegedly illegal and unconstitutional acts perpetrated by "an overzealous Legislative Branch." (Docket No. 1 at 28).

Following the filing of the complaint and brief, sixteen movants sought to join this action. (Docket Nos. 4-19). The motions are all nearly identical and appear to have been filed on a boilerplate form used in other jurisdictions, as several of the motions direct their request to join to "the Court and the Clerk of Court for the District of Washington." (Docket Nos. 4-12). Some of the movants are involved in similar cases filed in other jurisdictions.[2] Eight of the movants have attached a "story demonstrating the harm" they have suffered. (Docket Nos. 9-10, 14-19).

---

[2] For instance, movant Lawrence L. Favero, who seeks to join the case (Docket No. 11), appears to be the plaintiff in *Favero v. United States*, No. 3:19-cv-00078-WQH-BGS (S.D. Cal. 2019).

Generally, these "stories" assert that the movant is suffering from chronic pain and encountering difficulty receiving proper treatment. None of the movants have filed a motion to proceed in forma pauperis or paid the filing fee.

## Discussion

In her complaint and brief, plaintiff makes generalized objections about federal and state policies and laws that she alleges are detrimental to sufferers of chronic pain. For the reasons discussed below, her action must be dismissed for lack of standing and because she has failed to state a claim.

### A. Lack of Standing

Plaintiff's complaint must be dismissed because she has not established that she has standing to sue.

"Article III of the Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.' *Frost v. Sioux City, Iowa*, 920 F.3d 1158, 1161 (8th Cir. 2019) (quoting *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013)). Thus, "before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue." *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). *See also Auer v. Trans Union, LLC*, 902 F.3d 873, 876-77 (8th Cir. 2018) (stating that "if a plaintiff lacks standing to sue, the district court has no subject-matter jurisdiction").

The requirement of standing limits the category of litigants who are empowered to maintain a lawsuit in federal court to seek redress for a legal wrong. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016). To establish constitutional standing, a plaintiff must demonstrate three elements: (1) that he or she suffered an injury in fact, which is "an invasion of a legally protected interest which is (a) concrete and particularized…and (b) actual or imminent, not conjectural or hypothetical;"

(2) a causal connection between the injury and the conduct complained of; and (3) that it is likely, as opposed to speculative, that a favorable decision will redress the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

Plaintiff has not alleged facts sufficient to show that she has standing. Her complaint and brief consist of broad critiques about federal and state drug laws and CDC policies, references to expert reports, and citations to an assortment of United States Supreme Court cases. At no point, however, does plaintiff allege that she has been personally injured. Thus, she has failed to establish the first element of standing, which is an "injury in fact" that is "concrete and particularized." Because she has not alleged an injury in fact, she obviously cannot demonstrate the second or third elements of standing either. Without standing to sue, the Court does not have subject matter jurisdiction over plaintiff's case, and the complaint must be dismissed.[3]

### B. Failure to State a Claim

Plaintiff's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state claim.

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678. In reviewing the complaint, the Court "is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual

---

[3] The Court notes that similar actions in other jurisdictions have been also been dismissed for lack of Article III standing. *See Wilton v. United States*, No. 5:19-cv-00133-SEL (N.D. Ohio April 9, 2019); and *Minerd-Massey v. United States*, No. 1:19-cv-106-LJV (W.D. N.Y. April 18, 2019).

allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). While a pro se litigant is entitled to have their complaint liberally construed, he or she is "not excused from compliance with substantive and procedural law." *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986).

Plaintiff's complaint states only that there have been "abuses" by the federal and state governments to the Constitution, the Social Security Act, and the Medicare/Medicaid Act. The complaint does not describe the nature of these abuses or how it has affected her. This type of vague and conclusory pleading does not state a claim.

Likewise, the attached brief also relies on vague and conclusory assertions regarding federal and state opioid policies and laws, intermingled with appeals to expert reports and legal conclusions. The scattershot approach taken in plaintiff's brief never explicitly identifies the specific law or laws she finds unconstitutional. Instead, she relies on the overall premise that the opioid crisis has been falsified, leading to inappropriate CDC guidelines that have in turn encouraged objectionable laws across the nation. This does not give defendants any kind of notice of the nature and basis or grounds for plaintiff's claim.

More fundamentally, plaintiff never alleges how, or even if, she has been personally harmed by any law or policy. Indeed, plaintiff does not include any facts whatsoever about herself or her situation in the complaint or accompanying brief. This is potentially a function of plaintiff using the same complaint and brief that has been filed in similar cases in other jurisdictions. Regardless, plaintiff has failed to allege that she has been harmed or that defendants are responsible. Therefore, she has failed to state a claim and her complaint must be dismissed.

C. **Motions to Join**

Sixteen separate movants have filed motions to join plaintiff's complaint. (Docket Nos. 4-19). The motions will be denied as moot as plaintiff's complaint is being dismissed for lack of standing and for failure to state a claim.[4]

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for lack of subject matter jurisdiction and for failure to state a claim. *See* Fed. R. Civ. P. 12(h)(3); and 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the motions to join (Docket Nos. 4-19) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 7th day of June, 2019.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

---

[4] The Court notes that the motions to join would have to be denied even if plaintiff's complaint could go forward, because none of the movants have paid the filing fee or filed a motion to proceed in forma pauperis.